339 So.2d 801 (1976)
STATE of Louisiana, Appellee,
v.
Michael F. JOHNS and Alton Ray Lovett, Appellants.
No. 57802.
Supreme Court of Louisiana.
November 8, 1976.
Rehearing Denied December 10, 1976.
*802 William F. Baldwin, Shreveport, for Michael F. Johns.
John Ford McWilliams, Jr., Bossier City, for Alton Ray Lovett, William B. Lynch, Bossier City, for Michael F. Johns and Alton Ray Lovett.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Charles R. Lindsay, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendants Johns and Lovett were convicted of aggravated escape, La.R.S. 14:HOB, and each sentenced to ten years at hard labor. Upon their appeal, the defendants rely upon sixteen assignments of error, most of which question the lawfulness of the detention from which they are alleged to have escaped. They also argue the unconstitutional vagueness of the statute they are charged with violating.
The defendants are indicted for escape from the Caddo Correctional Institute ["CCI"], where they allegedly were lawfully detained by its superintendent Carr, under circumstances wherein human life was endangered. At the time of the charged escape, Johns was confined in CCI as a result of convictions of several misdemeanors, while Lovett was there held under an indictment for murder not yet tried. The state's evidence shows that they escaped from CCI by using makeshift knives to threaten and confine two CCI employees.
The offense with which they are charged, "Aggravated Escape", is statutorily defined by La.R.S. 14:110B: "The intentional departure of a person from the legal custody of any officer of the Department of Corrections or any law enforcement officer or from any place where such person is legally confined when the departure is under circumstances *803 wherein human life is endangered."[1] (Italics ours.)
Vagueness
Preliminarily, we find no merit to the contention that the statutory phrase "under circumstances wherein human life is endangered" is unconstitutionally vague. Assignments 3 and 23.
The statutory purpose is to impose a more severe punishment for escapes endangering human life ("aggravated" escapes) than for those which do not ("simple" escapes, see footnote 1). Official Reporter's Comment (1942), La.R.S. 14:110. The statutory phrase offers guidelines of sufficient precision so as to inform persons of ordinary intelligence of the conduct made penal; the statute is thus not vague. See State v. Felton, 339 So.2d 797 (rendered this date).
See also State v. Marsh, 233 La. 388, 96 So.2d 643, 645-46 (1957), rejecting a similar attack upon other phrases in the statute.
Escape from place where defendants were "legally confined"
By various motions, evidentiary proffers, and objections to evidentiary rulings, the chief defense raised by the defendants is that, at the time of their escape, they were not "legally confined" at the Caddo Correctional Institute because, allegedly, they were lawfully in the custody of the sheriff of the parish, and the sheriff had no authority to deliver them over to detention by CCI's Superintendent Carr, a non-deputized employee of the parish.
Ultimately, the trial court concluded that these inmates of the CCI were as a matter of law "legally confined there. The basis for this ruling is that the CCI is a penal place of detention operated by the Caddo Parish Police jury for safekeeping and housing of those persons serving their sentences, as authorized by La.R.S. 15:709. Also, by other valid regulation those awaiting trial were lawfully confined at CCI:
The police jury is authorized to adopt regulations "they may deem expedient for the police and good government of all jails and prisons in the parish." La.R.S. 15:702. In accordance therewith, the police jury adopted a resolution (introduced in evidence in the hearing on preliminary motions) by which it agreed with the sheriff to accept custody at CCI of prisoners "awaiting trial, sentence, or appeal" at the parish courthouse jail who could not "be adequately housed there".
The trial judge accordingly felt that prisoners at CCI who had been transferred there by the sheriff, either while awaiting trial (Lovett) or after being sentenced to the parish jail (Johns), were "legally detained" at CCI. Therefore, an escape by such a prisoner from CCI constituted a violation of La.R.S. 14:110.
We find no error in this ruling.
Therefore, we find no merit to the several assignments of error by which the defendants contended to the contrary, including:
Assignment 1, taken to the overruling of a motion to quash on the ground that no crime was charged by the indictment for the escape from CCI;
Assignments 2 and 4, taken to the refusal of the trial court to permit evidence as whether the CCI was properly constructed or maintained according to the health regulations prescribed by La.R.S. 15:751-63, and as to whether the defendant Johns had been afforded proper medical attention at the time of his escape;
Assignments 7 and 8, taken as to the refusal of the trial court to permit cross-examination of the minute clerk as to whether, following the sentences of John to the parish jail, there were any other orders or notations showing authority for his transfer to the CCI;
Assignments 9, 10, 11, 12, 14, and 20, taken to the trial court's evidentiary rulings *804 based on its holding that, as a matter of law, the defendants were "legally confined" at CCI by their physical transfer there by the sheriff in accordance with police jury regulation, and taken to its consequent instruction to the jury that CCI was a lawful place of confinement for prisoners in the custody of the parish sheriff.
Other Assignments
We likewise find no merit to the other assignments of error urged:
Assignments 15 and 16: No reversible error is shown by the trial court's refusal during the trial to order subpoenas issued to produce the disciplinary proceedings of the two guards overpowered in the escape, who were reinstated after the investigation: There was no showing that material favorable to the defendants had been withheld or that any of the guard's statements therein were inconsistent with their trial testimony. (The court noted that, earlier, in response for a defense motion for production of favorable evidence, the state had denied that any was shown by its files.)
Assignment 17: The causal connection of the makeshift knives used in the escape is adequately proved by the state in connection with their introduction.
Assignment 18: The trial court properly denied the defendants' motion for a mistrial. The motion was based upon testimony of the CCI superintendent as to the layout and programs of the institution. The defendants permitted this introductory examination of the witness to proceed without objection at first. When they objected to the relevancy, the state ceased this line of questioning. The motion for mistrial was not made until after subsequent relevant testimony was elicited from the witness. Aside from the lack of prejudice shown to have resulted from the objected-to testimony, the drastic remedy of a mistrial (here made only after the defendants' belated objection was maintained) is not shown to be warranted merely because, at most, irrelevant testimony had previously been introduced without objection.
Assignment 24: The motion for a new trial (based upon the assignments previously made) was properly overruled.

Decree
Accordingly, for the reasons assigned, we affirm the convictions and sentences.
AFFIRMED.
NOTES
[1] The offense of "aggravated" escape, La.R.S. 14:110B, is distinguished from that of "simple" escape, La.R.S. 14:110A, in that the latter involves intentional departures from detention "under circumstances wherein human life is not endangered."