354 So.2d 525 (1978)
STATE of Louisiana, Appellee,
v.
Joseph SIEGEL, Appellant.
No. 60369.
Supreme Court of Louisiana.
January 30, 1978.
*526 Alton T. Moran, Director, Vincent Wilkins, Jr., Appellate Counsel, Baton Rouge, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Lennie F. Perez, Asst. Dist. Atty., for appellee.
TATE, Justice.
The defendant was convicted of simple burglary. La.R.S. 14:62. The state sought enhanced punishment for the defendant as a multiple offender. La.R.S. 15:529.1. After hearing, the district court found the defendant to be a fourth offender. Accordingly, it sentenced him to life imprisonment.

(1)
Upon his appeal, we affirm the defendant's conviction. No arguable merit is possessed by the two assignments of error as to it:
Assignment 2 relates to the allegedly prejudicial admission of police photographs of the defendant taken on the day of his arrest. Following his arrest and prior to trial, the defendant had grown a beard and mustache and had shaved off his hair. The only real issue at the trial was the identity of the offender.
Aside from the circumstances that no prejudice is shown by the admission of the photographs for a relevant purpose (with full disclosure that they pertained only to the defendant's arrest for the present offense), the defendant did not object to the admission of these photographs at the time they were introduced. Tr. 145. He therefore cannot complain after verdict of the alleged error. La.C.Cr.P. art. 841.
*527 Assignment 3 complains of the in-court identification of the accused, as allegedly tainted by an illegal one-on-one arrest-scene identification. After a hearing held outside the presence of the jury, the trial court found that the victim could testify on the basis of her identification and observation of the defendant at the time of the offense.
The trial court permitted this in-court identification, upon its finding that the witness' identification had an adequate basis independent of the post-arrest confrontation. We find no error in that ruling. State v. Taylor, 347 So.2d 172, 180 (La.1977); Manson v. Braithwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).

(2)
By Assignment 2-A, the defendant correctly contends that, under the evidence taken at the sentencing hearing, he was improperly found to be a fourth felony offender and subject, as such, to life imprisonment as enhanced punishment for the present offense. La.R.S. 15:529.1.
The state introduced evidence of felony convictions of: (a) 1959 (burglary, 9 years), (b) 1961 (attempted escape from the penitentiary, while confined there for the burglary conviction; 1 year sentence, consecutive to burglary sentence), and (c) 1968 (unauthorized use of credit card, six years, consecutive to previous sentences; offense committed while on parole), from which sentences the penitentiary discharged him in 1972. The present (or fourth) offense was committed in 1973.
The defendant correctly contends that the 1961 attempted escape conviction (italicized above) (which had already enhanced the punishment for the burglary conviction) cannot be used as basis for additional enhanced punishment as constituting a separate prior conviction for purposes of La.R.S. 15:529.1. State v. Taylor, 347 So.2d 172 (La.1977); State v. Cox, 344 So.2d 1024 (La.1977); State v. Schamburge, 344 So.2d 997 (La.1977) (all decided prior to the present sentencing hearing).
The state does not dispute this. However, it points out that no objection on that basis was made at the time the 1961 escape conviction was introduced. Alternatively, it suggests that, if we vacate the sentence, the case should be remanded for re-sentencing. (At this time, the state notes, it can prove yet other felony convictions pleaded, but which it did not attempt to prove, once it had proved the requisite four convictions).
The state and the defendant are entitled to the latter relief only. The requirement of objections to errors prior to verdict, upon penalty of waiver, La.C.Cr.P. art. 841, does not apply to an illegal sentence. An illegal sentence may be vacated and corrected at any time and at any stage of the proceedings, including on appeal. La.C.Cr.P. art. 882; State v. Glantz, 253 La. 883, 220 So.2d 711 (1969). Cf. also La.C.Cr.P. art. 362(4).
The defendant correctly complains that he was sentenced to life imprisonment as a fourth offender, whereas the state's evidence only permitted a lesser enhanced punishment of him as a third offender. Under the evidence, the sentence imposed upon him was not authorized by law and is therefore an illegal sentence. State v. Johnson, 220 La. 64, 55 So.2d 782 (1951). The defendant is entitled to have vacated this illegal sentence.

Decree
For the reasons assigned, we affirm the conviction. The sentence is vacated and set aside. The case is remanded to the trial court for sentencing consistent with the views herein expressed.
CONVICTION AFFIRMED, SENTENCED VACATED, CASE REMANDED FOR RE-SENTENCING.