490 So.2d 1139 (1986)
STATE of Louisiana
v.
Yolanda KING.
No. KA-4676.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1986.
Writ Denied October 3, 1986.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Christina H. Belew, Asst. Dist. Atty., Carl Kafka, Law Clerk, New Orleans, for appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for appellant.
Before KLEES, LOBRANO and WARD, JJ.
LOBRANO, Judge.
The State "appeals" the decision of the lower court which quashed the multiple bill filed against defendant pursuant to La.R.S. *1140 15:529.1. Because the State has no right of appeal because the multiple offender bill of information does not charge a substantive crime, but merely enhance the penalty, we treat this matter as an application of supervisory writs. See, State v. Sanders, 337 So.2d 1131 (La.1976).
After review of the arguments of all parties, we grant the State's writ application, and reverse the trial court's decision.
Defendant's present felony conviction is for violating La.R.S. 14:89, crime against nature. For that offense, she was sentenced to serve twenty (20) months at hard labor. The State subsequently filed a multiple bill, pursuant to La.R.S. 15:529.1, to enhance the penalty of defendant's present conviction. As a predicate offense, the State used defendant's previous conviction of second offense prostitution, a violation of La.R.S. 14:82.
Upon motion of the defendant, the trial court quashed the multiple bill.
Defendant argues that the holdings of State v. Cox, 344 So.2d 1024 (La.1977), State v. Taylor, 347 So.2d 172 (La.1977) and State v. Siegel, 354 So.2d 525 (La.1978) support the trial court's ruling. We disagree. Those cases involved convicted felons who were subsequently convicted of violations of La.R.S. 14:110(A)(1). In all three cases, either the current offense (Cox) or the previous offense (Taylor and Siegel) were offenses which enhanced previous felony convictions. Thus, for the State to have employed La.R.S. 15:529.1 to further enhance would have amounted to double enhancement, once under La.R.S. 14:110(A) and again under La.R.S. 15:529.1.
However, in the instant case, the previous offense, namely second offense prostitution, is a felony by virtue of the fact that it is a second offense, not because the defendant already stands adjudicated a felon. Defendant's prior status was a misdemeanor offender. Thus the violation of R.S. 14:82 a second time becomes the first felony offense. Clearly, that violation is not an enhancement of a prior felony conviction. We therefore hold that in this case the felony offense of second offense prostitution can serve as the basis for enhancement under the Multiple Offender Law.
Accordingly, the order of the trial court granting the motion to quash is reversed and this matter is remanded.
REVERSED AND REMANDED.