496 So.2d 1103 (1986)
STATE of Louisiana
v.
Saul WHITTAKER.
No. KA-5502.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1986.
Alvin N. Taylor, Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry Connick, Dist. Atty., Pamela S. Moran, Asst. Dist. Atty., Chris Toensing, Law Clerk, New Orleans, for plaintiff-appellee.
*1104 Before GULOTTA, KLEES and BYRNES, JJ.
BYRNES, Judge.
The defendant Saul Whittaker was convicted of attempted simple burglary, a violation of R.S. 14:62 and R.S. 14:27, and sentenced to four years at hard labor. Thereafter the State sought enhanced punishment for the defendant as a multiple offender under R.S. 15:529.1. At the multiple bill hearing, the defendant's original sentence was vacated and he was resentenced as a fourth offender to twenty years at hard labor without benefit of parole, probation or suspension of sentence.
On appeal the defendant asserts four assignments of error. We find all of these to be without merit and affirm defendant's conviction and sentence.

FACTS
As Calvin Jamison was returning home one evening he saw a man, whom he later identified as the defendant, peer out of an alley between his house and a neighbor's and then duck back. Becoming suspicious, Jamison called to his father who was inside the house and together they apprehended the defendant who was still lurking at the back of the property. The Jamisons then summoned their neighbor, John Leonard, Jr., and it was discovered that his locked shed, located at the end of the alley where the defendant was found, had been broken into. A bag, which Calvin Jamison had noticed the defendant throw down, was found near the scene. When this bag was searched by the Jamisons' and Mr. Leonard, various items from inside Leonard's shed were discovered. The police were then summoned and the defendant was arrested.

ASSIGNMENT OF ERROR 1
By his first assignment of error, the defendant alleges that he should not have been adjudged a fourth offender. This argument is based in part on the fact that one of the defendant's three prior felony convictions would have been a misdemeanor had it not been his third theft conviction. Defendant argues that the theft conviction at issue had already been enhanced from a misdemeanor to a felony under R.S. 14:67 and therefore could not be enhanced again under R.S. 15:529.1. We disagree.
A similar argument was recently rejected by this court in State v. King, 490 So.2d 1139 (La.App. 4th Cir.1986). In that case, we ruled that the State could use a conviction of second offense prostitution as a predicate offense under R.S. 15:529.1 even though the status of the crime had already been enhanced from a misdemeanor to a felony under R.S. 14:82. The Court in King observed that the predicate offense was "... a felony by virture of the fact that it is a second offense, not because the defendant already stands adjudicated a felon." This fact distinguishes, both King and the present case from State v. Cox, 344 So.2d 1024 (La.1977) and State v. Sanders, 337 So.2d 1131 (La.1976).
In both Sanders and Cox, the predicate offenses provided greater penalties for those offenders who were convicted felons. See R.S. 14:95.1 and R.S. 14:110(A)(1). Because these provisions themselves addressed the defendant's status as a convicted felon and increased the penalty based on that status, the Supreme Court held that multiple billing under R.S. 15:529.1 was not available as a vehicle for further enlargement of the penalty.
However, in this case as in King supra, the predicate offense to which the defendant objects was given the status of a felony because it was a repeated offense not because the defendant was already adjudicated a felon. Moreover, unlike R.S. 14:95.1, or R.S. 14:110(A)(1), R.S. 14:67 has no built in enhancement for those offenders who are convicted felons.
Here, as in King, the defendant's prior conviction under R.S. 14:67 was not an enhancement of a prior felony conviction, it was itself a felony conviction by virtue of its status as a repeated offense. Thus, there is no impediment to the State's use of *1105 that felony conviction in a multiple bill proceeding. This assignment is without merit.

ASSIGNMENT OF ERROR 2
By this assignment, defendant contends that the multiple billing was defective in that the State failed to introduce a Boykin transcript or detailed minute entry of a prior guilty plea used as one of the predicate offenses. No objection was made to this omission at the multiple bill hearing. Absent such an objection, the issue has not been preserved for appeal and must be addressed by application for post-conviction relief where an evidentiary hearing may be dispositive of the issue. State v. Martin, 427 So.2d 1182 (La.1982), State v. Smith, 481 So.2d 1388 (La.App. 4th Cir.1986).

ASSIGNMENT OF ERROR 3
In this assignment of error the defendant complains that the trial court erred when it denied his motion to suppress the evidence found by the Jamisons' in a paper bag at the scene. We do not agree. The transcript reveals that the bag in question was not seized from defendant, but was discovered by the Jamisons near where the defendant was detained. Under such circumstances, it is inconceivable that the defendant would have any expectation of privacy in the paper bag or the objects contained therein. The discovery and subsequent confiscation of the paper bag and its contents by the police did not constitute an illegal search or seizure. This assignment lacks merit.

ASSIGNMENT OF ERROR 4
By his fourth assignment of error, the defendant contends that the evidence was insufficient to convict him of attempted simple burglary. In reviewing this claim we must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986).
In order to obtain a conviction for simple burglary in this case the State was required to prove that the defendant made an unauthorized entry into Leonard's shed with the intent to commit a felony or theft therein. At trial, the testimony of the Jamisons' and Leonard showed that the defendant was observed in the driveway between the Jamisons' house and that of Mr. Leonard. There was also testimony that the defendant attempted to avoid detection and, when spotted by Jamison, threw down a paper bag which was later discovered to contain items from inside Leonard's shed. Mr. Leonard testified that his shed had been locked and that he had not given defendant permission to either enter the shed or remove any of its contents. Viewing this evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded that the elements of attempted simple burglary had been proven beyond a reasonable doubt. This assignment of error is without merit.
For the foregoing reasons the defendant's conviction and sentence are affirmed.
AFFIRMED.