501 So.2d 812 (1986)
STATE of Louisiana
v.
Edward L. BROOKS.
No. KA-1939.
Court of Appeal of Louisiana, Fourth Circuit.
December 22, 1986.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Rockne L. Moseley, Beryl M. McSmith, Asst. Dist. Attys., New Orleans, for plaintiff-appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before SCHOTT, GARRISON and KLEES, JJ.
SCHOTT, Judge.
Defendant was convicted of aggravated burglary in violation of LSA-R.S. 14:60 and originally sentenced to thirty years at hard labor. He was adjudged to be an habitual offender based upon a prior conviction for simple burglary and resentenced to thirty years. The prior conviction was pursuant to defendant's plea of guilty.
By his sole assignment of error defendant contends that when he previously pled guilty he was not properly advised of his right to stand trial without the necessity of testifying. The pertinent part of the transcript when defendant pled guilty is as follows:
BY THE COURT:
You're charged with simple burglary, and your lawyer pled you guilty to that. Is that your plea?
BY THE DEFENDANT:
Yes, it is.
BY THE COURT:
you know when you plead guilty you're giving up certain rights. You give up the right to trial, either by jury or the judge, by pleading guilty. Is that what you want to do?
BY THE DEFENDANT:
Yes.
BY THE COURT:
If you went to trial and you were convicted you have a right to an appeal, but by not going to trial you're giving up the right to appeal, because there's no trial and no trial from which to appeal. Do you understand that?
BY THE DEFENDANT:
Yes.
BY THE COURT:
You have a right to remain silent, but by pleading guilty you are not remaining silent. So you give up that right. Do you understand that?
BY THE DEFENDANT:
Yes.
BY THE COURT:
You also have a right to question the witnesses who appear against you, but you're waiving that right because there *813 is no trial and no witnesses. Do you understand that?
BY THE DEFENDANT:
Yes.
Defendant isolates the fourth question from the colloquy and contends that the trial court's explanation of his right against self incrimination was not broad enough to encompass his right to remain silent at trial as in State v. Martin, 382 So.2d 933 (La. 1980) and State v. Robicheaux, 412 So.2d 1313 (La.1982). When the explanation is taken out of context it appears to be insufficient based upon the cited cases; but when the explanation is read in context with the preceding and following questions the defendant had to understand he was giving up his right to remain silent at trial if he opted to plead guilty.
This conclusion is consistent with and supported by State v. Yarbrough, 418 So.2d 503 (La.1982). In fact, the colloquy here is practically identical to the one quoted in Justice Dennis's concurring opinion in Yarbrough. See also State v. Lawson, 474 So.2d 455 (La.App. 4th Cir.1985).
We have examined the record for errors patent and find none.
The conviction and sentence are affirmed.
AFFIRMED.