KLEES, Judge.
The appellant was charged with the felony possession of cocaine under Louisiana Revised Statute 40:967. She entered a guilty plea to this offense and was sentenced to eighteen months in the Parish Prison. The State of Louisiana subsequently filed an accusation that appellant was a triple felony offender and appellant moved that the trial court quash the multiple bill. The motion was denied, appellant’s original sentence was vacated, and she was sentenced to thirty months at hard labor.
On appeal, appellant argues that the trial court erred in denying her motion to quash. Specifically, she contends that her prior convictions should not have been used to enhance her present sentence, because these convictions, both for prostitution, were felonies only because they were repeated offenses of prostitution, which is a misdemeanor for a first offense. See, R.S. 14:82.
In State v. King, 490 So.2d 1139 (La.App. 4th Cir.1986); writ denied, 494 So.2d 326 (La.1986) this court addressed that issue and held that felony convictions for prostitution could be used to enhance sentences for later convictions. In King, the defendant argued that these convictions could not be used to enhance a subsequent sentence because they had already been enhanced from a misdemeanor to a felony due to their recidivist nature. The court rejected this argument stating:
the previous offense, namely second offense prostitution, is a felony by virtue of the fact that it is a second offense, not because the defendant already stands ad-judiciated a felon. Defendant’s prior status was a misdemeanor offender. Thus the violation of R.S. 14:82 a second time becomes the first felony offense. Clearly, that violation is not an enhancement of a prior felony conviction. We therefore hold that in this case the felony offense of second offense prostitution can serve as the basis for enhancement under the Multiple Offender Law. Id. at 1140 (emphasis supplied).
The facts in the case at bar are directly on point with King, and we conclude that the trial court did not err in denying appellant’s motion to quash.
Accordingly, appellant’s conviction and sentence are hereby affirmed.
AFFIRMED.