HERBERT A. CADE, Judge Pro Tem.
Charles Harris was convicted in a jury trial of simple burglary, a violation of LSA-R.S. 14:62 and sentenced to three years at hard labor. Subsequently, defendant was multiple billed, found to be a third offender and resentenced to eight years at hard labor without benefit of parole or good time. In his sole assignment of error, Harris contends the trial judge erred in resentencing him as a third offender. Harris claims that the trial judge predicated his finding on earlier misdemeanor thefts that had already been enhanced to felony thefts (because of earlier theft convictions). According to defendant, because the previous thefts were used in obtaining felony convictions, they have already been enhanced and therefore it was error to allow them to be enhanced again under LSA-R.S. 15:529.1 in the present case. Additionally, defendant argues that our decision in State v. Jackson, 438 So.2d 730 (La.App. 4th Cir.1983), writ denied 442 So.2d 460 (La.1983), was wrongly decided and should be overruled since it conflicts with the Supreme Court’s holdings in State v. Sanders, 337 So.2d 1131 (La.1976); State v. Williams, 358 So.2d 943 (La.1978); State v. Cox, 344 So.2d 1024 (La.1977); State v. Taylor, 347 So.2d 172 (La.1977), and State v. Siegel, 354 So.2d 525 (La.1978). We disagree.
Before looking to the merits of defendant’s arguments, we have reviewed the record for errors patent and have found none.[1]
Further, we find no merit to defendant’s assignment of error.
This court was confronted with a similar question in State v. Whittaker, 496 So.2d 1103 (La.App. 4th Cir.1986) involving enhancement in misdemeanor theft cases. In Whittaker, we permitted enhancement, using as a predicate the felony thefts (accorded felony status because of repeated misdemeanor thefts). We find the Whittaker case controlling in the instant case.
Finally, we reject defendant’s assertion that we reexamine our holding in State v. Jackson, supra. The same argument advanced by the defendant in the instant case was argued in State v. Davis, 499 So.2d 1311 (La.App. 4th Cir.1986) and in State v. Howard Barnes, 503 So.2d 567 (La.App. 4th Cir.1987) and rejected by this court.
Controlled by our earlier holdings, we find no error in the trial court’s judgment sentencing Charles Harris as a third offender.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.

. The multiple bill hearing in the instant case was held on September 30, 1986, after the motion for appeal in this case was granted. However, LSA-C.Cr.P. Art. 916(8), as amended by Acts 1986, No. 851, § 1, which was effective August 30, 1986, vests the trial judge with jurisdiction over the matter.