550 So.2d 801 (1989)
STATE of Louisiana, Appellee,
v.
Danny Ray GOODIN, Appellant.
No. 20740-KA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1989.
*802 Arthur Gilmore, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Baton Rouge, James A. Norris, Jr., Dist. Atty., Earl Cox, Asst. Dist. Atty., Monroe, for appellee.
Before HALL, MARVIN and NORRIS, JJ.
HALL, Chief Judge.
The defendant/appellant, Danny Ray Goodin, was convicted by a jury of six for a violation of LSA-R.S. 14:110 A, simple escape. He was subsequently sentenced to 3 ½ years imprisonment at hard labor to run consecutively with any previous sentences. Prior to the sentencing, the state brought a bill of information against the defendant asserting a violation of LSA-R.S. 15:529.1, the habitual felony offender statute. The state charged the defendant as a third felony offender relying on previous convictions of accessory after the fact of armed robbery, distribution of marijuana, and the current simple escape conviction. The defendant filed a motion to quash the bill of information. He alleged that his sentence for simple escape cannot be enhanced under the habitual offender law, relying on State v. Cox, 344 So.2d 1024 (La.1977). The motion to quash was overruled.
After trial of the habitual offender bill, defendant was adjudicated a third felony offender and was sentenced to five years imprisonment at hard labor to run consecutively with any previous sentence. Defendant appealed asserting as his sole assignment of error that the motion to quash should have been granted and that the sentence for simple escape cannot be enhanced under the habitual offender statute. For reasons expressed in this opinion, we affirm.
The facts of Cox were similar to the facts of this case. In Cox, the defendant was serving a three year sentence with the Department of Corrections for simple burglary. While serving his time, the defendant pled guilty to simple escape from the Jackson Barracks work release program. He was sentenced to six months imprisonment to run consecutively with any other sentence. The defendant was then charged under the habitual offender statute, having been convicted of two felonies, simple burglary and simple escape. The defendant sought to quash the bill of information. The trial judge granted the motion and the Louisiana Supreme Court affirmed.
At the time of the Cox decision, the escape statute provided for different penalties depending upon the nature of the defendant's incarceration.[1] If the defendant *803 had been sentenced to confinement with the Department of Corrections, i.e. for a felony, the escape was also a felony punishable by imprisonment at hard labor. If the defendant was incarcerated for reason other than having been sentenced to the Department of Corrections, the escape was a misdemeanor punishable by imprisonment without hard labor. The Cox court reasoned that since the sentence for simple escape was enhanced once by reason of the previous felony conviction, that is, elevated from a misdemeanor to a felony, it should not be enhanced twice by subsequent application of the habitual offender statute.
The language of Cox relevant to the issue in this appeal is:
"The Habitual Offender Law was enacted in 1956 and amended in 1958. Since then the simple escape statute has been amended numerous times, most recently in 1976, and the legislature has given no indication that it should be applied in tandem with the recidivist law. The escape statute itself causes an enhancement of penalty by requiring consecutive sentences and because of a defendant's previous felony conviction. Although the legislature chose to make the enhancement of a felony dependant upon a defendant's escape from the Department of Corrections instead of relating the enhancement directly to his previous commission of a felony, we see no real difference because only convicted felons may be sentenced to the Department of Corrections. In any event, there is sufficient doubt that the penalty for a simple escape should be escalated twice by what may be an unforeseen combination of two criminal statutes, and in the absence of an explicit legislative authorization, we will construe the law strictly by refusing to give it such an expansive interpretation."
In Cox, the court relied on its previous decision in State v. Sanders, 337 So.2d 1131 (La.1976). In Sanders the court held that the penalty for violation of LSA-R.S. 14:95.1, possession of a firearm by a felon, could not be enhanced under the habitual offender statute because the firearm statute itself takes into account the fact of defendant's previous felony conviction and the legislature gave no indication that it wanted the multiple billing procedure to remain available as a vehicle for further enlargement of the penalty.
The rationale of the Cox decision was followed in State v. Taylor, 347 So.2d 172 (La.1977) and State v. Seigal, 354 So.2d 525 (La.1978). In those cases the court held that simple escape convictions could not be used as predicate convictions for purposes of applying the habitual offender statute to enhance the penalty for a subsequent felony conviction.
Subsequent to those cases, the simple escape statute was amended by Act 413 of 1985. The effect of the amendment is to make the crime of simple escape punishable by imprisonment with or without hard labor and therefore a felony, regardless of the nature of the defendant's confinement at the time of the escape, that is, regardless of whether defendant was previously sentenced for a felony to the Department of Corrections.[2]
*804 After the amendment, the penalty for simple escape is no longer enhanced because of a previous felony conviction. The crime of simple escape is itself a separate and distinct felony, the penalty for which is unrelated to any previous felony conviction. It follows that enhancement of the penalty for simple escape under the habitual offender statute does not amount to a multiple enhancement of the penalty for that offense or any previous offense. After the amendment, the rationale of the Cox, Taylor and Seigal cases no longer applies. There is no longer any valid reason why the penalty for simple escape cannot be enhanced by application of the habitual offender statute where the defendant has previous felony convictions, and there is no longer any valid reason why a conviction for simple escape cannot be used as a predicate conviction in the application of the habitual offender statute to enhance the penalty for a subsequent felony conviction.
The court in Cox noted that the penalty provision for simple escape provides that the sentence shall be consecutive to any other sentence. This part of the penalty provision for simple escape was not changed by the later amendment to the statute. However, this penalty provision does not amount to an enhancement of the penalty for simple escape related to any prior felony conviction; it is simply part of the prescribed penalty for the crime, similar in nature to a provision that the sentence be served without benefit of suspension of sentence, probation or parole. This provision is consistent with the general rule established by LSA-C.Cr.P. Art. 883 that sentences be served consecutively, unless the court in its discretion orders sentences served concurrently. The only effect of this provision is that the trial court's discretion to order concurrent sentences is withdrawn. The provision in no way enhances the punishment for simple escape by reason of other felony convictions. The provision would be applicable even though the defendant was serving time under a misdemeanor sentence at the time of the escape. It would simply be without effect if the defendant was incarcerated prior to sentence at the time of his escape. In this regard we note our disagreement with dicta in State v. Foster, 509 So.2d 47 (La.App. 1st Cir.1987) in which the court indicated that the simple escape statute does not apply unless the defendant escapes from custody while serving a sentence. It is our view that the statute applies anytime a person is in lawful custody and legally confined in a jail facility, regardless of whether he has already been convicted and sentenced. State v. Johns, 339 So.2d 801 (La. 1976). In any event, the provision in the simple escape statute that the sentence shall not run concurrently with any other sentence does not amount to an enhancement of the penalty for simple escape related to any other felony and has no bearing on applicability of the habitual offender statute to enhance the penalty for simple escape.
Although the Cox rationale is sound and may be applicable to other multiple enhancement situations, it is no longer applicable in regard to the simple escape statute. Compare State v. Harris, 511 So.2d 803 (La.App. 4th Cir.1987), writ denied 514 So.2d 127; State v. Whittaker, 496 So.2d 1103 (La.App. 4th Cir.1986); State v. King, 490 So.2d 1139 (La.App. 4th Cir.1986); *805 State v. Theard, 466 So.2d 791 (La.App. 4th Cir.1985).
For the reasons expressed in this opinion, the defendant's assignment of error is without merit and his adjudication and sentence as a third felony offender is affirmed.
AFFIRMED.
NOTES
[1] In 1977, LSA-R.S. 14:110(A) provided:

"A. Simple escape is:
(1) The intentional departure, under circumstances wherein human life is not endangered, of a person imprisoned, committed, detained, or otherwise in the lawful custody of any law enforcement officer or officer of the Department of Corrections from any place where such person is legally confined; or
(2) The failure of a criminal serving a sentence and participating in a work release program authorized by law to report or return from his planned employment or other activity under said program at the appointed time; or
(3) The failure of a person who has been granted a furlough under the provisions of LSA-R.S. 15:833 and fails to return to his place of confinement at the appointed time.
Whoever having been sentenced to the Department of Corrections commits the crime of simple escape, shall be imprisoned at hard labor for not less than two years and not more than five years; provided that such sentence shall not run concurrently with any other sentence, provided, however, that:
(a) A person who is participating in a work release program as defined in Paragraph (2) hereof shall be imprisoned at hard labor for not less than six months nor more than one year and any such sentence shall not run concurrently with any other sentence.
(b) A person who fails to return from an authorized furlough as defined by Paragraph (3) hereof shall be imprisoned at hard labor for not less than six months nor more than one year and any such sentence shall not run concurrently with any other sentence.
Whoever not having been sentenced to the Department of Corrections commits the crime of simple escape, shall be imprisoned for not more than one year and any such sentence shall not run concurrently with any other sentence.
"* * *."
[2] LSA-R.S. 14:110 now provides:

"A. Simple escape shall mean any of the following:
(1) The intentional departure, under circumstances wherein human life is not endangered, of a person imprisoned, committed, or detained from a place where such person is legally confined, from a designated area of a place where such person is legally confined, or from the lawful custody of any law enforcement officer or officer of the Department of Public Safety and Corrections.
(2) The failure of a criminal serving a sentence and participating in a work release program authorized by law to report or return from his planned employment or other activity under the program at the appointed time.
(3) The failure of a person who has been granted a furlough under the provisions of LSA-R.S. 15:833 or R.S. 15:908 to return to his place of confinement at the appointed time.
B. (1) A person who is participating in a work release program as defined in Paragraph A(2) of this Section and who commits the crime of simple escape shall be imprisoned with or without hard labor for not less than six months nor more than one year and any such sentence shall not run concurrently with any other sentence.
(2) A person who fails to return from an authorized furlough as defined in Paragraph A(3) of this Section shall be imprisoned with or without hard labor for not less than six months nor more than one year and any such sentence shall not run concurrently with any other sentence.
(3) A person imprisoned, committed, or detained who commits the crime of simple escape as defined in Paragraph A(1) of this Section shall be imprisoned with or without hard labor for not less than two years nor more than five years; provided that such sentence shall not run concurrently with any other sentence.
"* * *."