555 So.2d 500 (1989)
STATE of Louisiana
v.
Henry ROGERS.
No. 88-KA-1829.
Court of Appeal of Louisiana, Fourth Circuit.
December 14, 1989.
*501 Harry F. Connick, Dist. Atty., Sandra Pettle, Asst. Dist. Atty., New Orleans, for appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for appellant.
Before BARRY, BYRNES and PLOTKIN, JJ.
BYRNES, Judge.
Defendant Henry Rogers appeals his sentence and adjudication as a quadruple offender. We affirm.
After an initial trial ended in mistrial, Henry Rogers was found guilty of attempted simple burglary in violation of LSA-R.S. 14:62 and 14:27 by a six member jury on April 2, 1986. Thereafter, a multiple offender hearing was conducted in which the defendant was adjudicated as a fourth offender and sentenced to serve twenty years at hard labor without benefit of probation or good time.
By his sole assignment of error in his out of time appeal, the defendant contends that the trial judge erred in finding that he was a quadruple offender. The defendant claims that: (1) The state failed to prove that the defendant knowingly and voluntarily waived his constitutional rights with respect to previous convictions; and (2) the use of enhanced "misdemeanor" theft convictions for the prior felony convictions to enhance his present conviction resulted in an illegal double enhancement.
Because the defendant failed to object to the voluntariness of the guilty pleas at the time that the predicate convictions were introduced, he waives his right to that claim. State v. Nelson, 379 So.2d 1072, 1074 (La.1980). Defendant's claim should be properly presented by application for post-conviction relief; however, in the interest of judicial economy, we will address the merits of that issue.
Defendant argues that the State failed to prove that he was adequately informed that he was waiving his right against self-incrimination, i.e., his right to remain silent at trial, prior to pleading guilty in the predicate *502 offenses, Case Numbers 308-774 "E" and 278-434 "H".
For a constitutionally valid guilty plea, the accused must expressly waive his right to trial by jury, his right to confront his accusers and his privilege against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). When using a prior guilty plea to enhance punishment, the State bears the burden of showing that the defendant knowingly and intelligently waived these constitutional rights. State v. Bland, 419 So.2d 1227 (La.1982). While it is preferable for the trial judge to conduct a colloquy with the defendant, such a colloquy may not be indispensable as long as the record contains some other affirmative showing to support the plea. State v. Halsell, 403 So.2d 688 (La.1981).
In State v. Arrington, 455 So.2d 1284 (La.App. 4th Cir.1984), this court found that although the colloquy was silent as to the right against self-incrimination, the defendant knowingly and intelligently waived his constitutional privileged against self-incrimination because he signed the guilty plea form stating such. Id. at 1287.
In State v. Payton, 490 So.2d 554 (La. App. 4th Cir.1986), this Court upheld the use of a prior guilty plea, notwithstanding the fact that the trial court had not advised the defendant of his right against self-incrimination in a colloquy.
In State v. Brooks, 501 So.2d 812 (La. App. 4th Cir.1986), the defendant contended that the trial court's explanation of his right to self-incrimination was not broad enough to encompass his right to remain silent at trial. However, this Court found that "when the explanation is read in context with the preceding and following questions, the defendant had to understand he was giving up his right to remain silent at trial if he opted to plead guilty." Id. at 813.
In the instant case, with respect to Case Number 308-774 "E", the minute entry states that the defendant was, "informed of his rights and the consequences of his plea." In addition, the waiver of rights form signed by Henry Rogers on August 16, 1985, states that, "I further understand that I am waiving my privilege against self-incrimination and by pleading guilty I am in fact incriminating myself." Because this statement is taken along with the defendant's statements that he waived his right to confront witnesses and that he would have competent counsel to represent him at trial, we find that the defendant was adequately advised of his waiver of his right against self-incrimination at trial.
In respect to Case Number 278-434 "H", the State introduced the minute entry stating that the defendant was interrogated as to his rights. The waiver of rights form dated October 31, 1980, states that the defendant was waiving his privilege against self-incrimination "now and at trial." We find that the defendant was adequately instructed of his waiver of this right in conjunction with the other statements in that form. Therefore, we conclude that the defendant knowingly and intelligently waived his rights in the predicate offenses.
Defendant also contends that the use of two of the prior felony offenses in the multiple bill proceedings that were enhanced misdemeanor thefts amounted to an illegal double enhancement. He claims that the enhancement was improper because an enhanced misdemeanor conviction was used to enhance a conviction in a second case, which in turn was used to enhance the present conviction, thereby resulting in the enhancement of a misdemeanor into a felony by the use of a prior enhanced conviction. The record shows that the appellant was convicted in Case Nos. 275-235 and 77-1908 of misdemeanor thefts. He was then convicted in Case No. 278-434 of theft, but this conviction was enhanced to a felony by virtue of his two prior convictions. LSA-R.S. 14:67. He was then convicted of theft in Case No. 299-768, and this conviction was enhanced to a felony conviction based upon Case Nos. 278-434 and 275-235. The two enhanced felonies were then used in the multiple *503 offender proceeding now before this Court.
A similar argument was rejected by this Court in State v. Whittaker, 496 So.2d 1103, 1104 (La.App. 4th Cir.1986), and State v. King, 490 So.2d 1139 (La.App. 4th Cir.1986), writ denied, 494 So.2d 326 (La. 1986). The defendants claimed that the theft convictions at issue had already been enhanced from misdemeanors to felonies under LSA-R.S. 14:67 and therefore could not be enhanced again under LSA-R.S. 15:529.1. This Court observed in each case that the predicate offense was a felony by virtue of the fact that it was a second offense, not because the defendant already stands adjudicated a felon. In the instant case, the defendant's prior conviction under LSA-R.S. 14:67 was not an enhancement of a prior felony conviction but it was itself a felony conviction by virtue of its status as a repeated offense. Thus, there is no impediment to the State's use of the felony convictions in a multiple bill proceeding. State v. Whittaker, supra, 496 So.2d at 1104; State v. Harris, 511 So.2d 803 (La. App. 4th Cir.1987), writ den., 514 So.2d 127 (1987). The trial court properly used the theft convictions derived from misdemeanors to enhance the defendant's sentence.
We find that the trial court did not err in finding that the defendant is a fourth offender. Accordingly, defendant's sentence is affirmed.
AFFIRMED.