PLOTKIN, Judge.
Defendant Jessie Carter appeals his conviction for attempted possession of phency-clidine. We affirm the conviction and amend the sentence.
Facts:
On June 28, 1990, defendant Jessie Carter was charged by bill of information with *1213 possession of phencyclidine, a violation of La.R.S. 40:966. Defendant plead not guilty, and on September 5, 1990 he was tried and convicted of attempted possession of phencyclidine by a six-member jury. After waiving all delays, defendant was sentenced to five years at hard labor and payment of court costs of $159 or serve an additional thirty days in default of payment thereof. Defendant was subsequently adjudicated a second felony offender and was sentenced in accordance with La.R.S. 15:529.1. The trial court vacated defendant’s original sentence, however, he was resentenced to the same term with the same court costs.
On March 15, 1990, New Orleans Police Officers Gary Márchese and Tony Graffeo were dispatched to 7620 Oak Street to investigate a disturbance involving an individual with a firearm. Upon arriving at that location, the officers spoke with the complaintant, the mother of the defendant. Subsequent to this conversation, Officers Márchese and Graffeo joined with Officers Bush and Cresco who had stopped a tan Oldsmobile fitting the description given by the complaintant. The vehicle contained three occupants. All the occupants were ordered from the vehicle and were patted down for weapons. When patting down the defendant, Officer Márchese found a Smith and Wesson stainless steel revolver concealed in defendant’s waistband. Officer Márchese advised the defendant that he was under arrest and then conducted an appropriate search incident to the arrest. While further searching the defendant, Officer Márchese discovered what appeared to be a portion of a hand-rolled cigarette in defendant’s coat pocket. The cigarette was believed to be marijuana but was later confirmed to be marijuana laced with phen-cyclidine (PCP). Officer Bush testified at trial that he witnessed this search and seizure.
At trial, the defendant took the stand in his own defense. The defendant’s testimony was nothing less than a complete denial of the officer’s accounts of what had transpired. Defendant denied possessing both the gun and the cigarette. In his defense, the defendant stated that he was merely being driven to his home after celebrating a birthday with friends when stopped by police.

Errors Patent:

II] A review of the record for errors patent reveals that the trial court imposed an improper sentence. The defendant also contests this improper sentence in his third assignment of error. The trial judge sentenced the defendant to serve additional jail time in default of payment of court costs. Additionally, the defendant complains that the trial court erred in finding him a second felony offender because his conviction for the predicate offense was invalid.
As to the imposition of additional jail time in default of payment of court costs, it should be noted that defendant was represented at trial and on appeal by counsel appointed from the Orleans Indigent Defender Program. A defendant is presumed indigent when the trial court appoints a public defender to represent him. State v. Jackson, 492 So.2d 1265 (La.App. 4th Cir.1986). Imposition of a sentence requiring a defendant to serve additional jail time in default of the payment of court costs is unconstitutional if the defendant is indigent. State v. Ellzey, 496 So.2d 1090 (La.App.4th Cir.1986). Thus, that portion of the sentence requiring the defendant to serve additional jail time in lieu of default of paying court costs must be deleted.
With regard to the claim that the defendant should not have been found a second felony offender, defendant argues that his prior conviction for unauthorized use of a movable valued in excess of $1,000 was invalid. He contends that the verdict finding him guilty of that offense was not responsive to the originally charged offense of possession of stolen property valued in excess of $500.
The minute entry for the multiple bill hearing shows that the defendant admitted his identity as the person convicted of the predicate offense. Nothing in the minute entry even suggests that the defendant objected to the use of the prior offense to enhance his sentence. Since he failed to object, this issue is not preserved for ap *1214 peal. State v. Martin, 427 So.2d 1182 (La.1982); State v. Whittaker, 496 So.2d 1103 (La.App.4th Cir.1986). This issue should be addressed in an application for post-conviction relief filed in the predicate conviction case. Id.

Use of Prior Conviction for Impeachment Purposes:

The defendant also contends that the trial court erred in not declaring a mistrial sua sponte when the State used his conviction for possession of the revolver seized from his waistband for impeachment purposes. However, defense counsel failed to object or move for mistrial when the defendant was cross-examined by the State concerning his conviction for possession of the gun. Defense counsel did not object when Márchese testified about finding the gun in defendant’s waistband, but he did object, on the basis of relevancy, when the State introduced the gun itself into evidence. The objection was overruled.
Defendant argues that the use of a prior conviction arising out of the same incident was prejudicial to defendant because the jury was made aware of another factfinder’s decision pertaining to the guilt of the defendant. Defendant further argues that the lack of a contemporaneous objection should not preclude appellate review because an objection would have been a vain and futile formality; thus the failure to object should be excused.
As stated above, an error cannot be considered on appeal unless an objection was made at the time of its occurrence. C.Cr.P. art. 841. A contemporaneous objection is required to call the trial judge’s attention to an error at a time when the error can be corrected. State v. Arvie, 505 So.2d 44 (La.1987). The contemporaneous objection rule also prevents defense counsel from “sitting on” an error and gambling on the verdict, which would allow counsel to appeal an error which might have been corrected at trial. State v. Mart, 419 So.2d 1216 (La.1982). The contemporaneous objection rule has not been applied to prevent the review of an error which is so fundamental that it struck at the very essence of the reliability of the fact-finding process, but this exception has been applied very rarely. State v. Arvie, 505 So.2d 44 (La.1987).
Defense counsel’s failure to timely object is inexcusable. Defense counsel should have objected to Officer Marchese’s testimony regarding the revolver regardless of whether or not he felt it would have been futile. The trial judge did not rule on the objection since none was made, thus defense counsel’s conclusions concerning the judge’s ruling is pure speculation. Furthermore, the trial judge sustained defense counsel’s objection to the admission of the gun into evidence. However, this objection did not occur until after Officer Márchese had already testified. Thus, this assignment of error is without merit.

Improper Jury Instruction:

Defendant contends that the trial judge’s instructions to the jury regarding the definition of reasonable doubt were improper. The defendant raises this issue for the first time on appeal, as no objection to the jury instructions were made during trial.
The defendant cites Cage v. Louisiana, — U.S. —, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) as the leading case supporting his contention. However, defendant’s argument was rejected by this court in State v. Dobson, 578 So.2d 533 (La.App.4th Cir.1991). In Dobson, this court held that the lack of a contemporaneous objection precludes appellate review of the Cage charge on reasonable doubt. Since the defendant failed to timely object, this issue cannot be reviewed.

Conclusion:

For the above and foregoing reasons, the defendant’s conviction is affirmed. The sentence is amended to delete that portion which provides for additional jail time for failure to pay court costs.
CONVICTION AFFIRMED; SENTENCE AMENDED.