liBYRNES, Judge.
Keith Hatter appeals his conviction for simple escape as well as his conviction and sentence as a multiple offender. We affirm.
On April 13, 1993, the defendant was one of five inmates of the Louisiana State Penitentiary at Angola who was transported to Charity Hospital in New Orleans for medical treatment. After the prisoners were finished at the climes, they were taken to the van for their return to Angola. Each of the inmates were secured with shackles, handcuffs, and a chain. As one of the inmates was stepping into the van, he slipped and fell underneath it. One of the guards went to the emergency room to obtain a wheelchair. At that point, the defendant began to flee. He was pursued by the prison guards, Randy Bazert and Sergeant Timothy Ortis. Ortis drew his gun, ordered the defendant to stop, but the defendant continued running around a corner onto another street. Finally the defendant stopped against a wall, but refused to obey the order to hit the ground. Instead, the defendant told Sergeant Ortis that he wasn’t going to stop, that he had a life sentence, and the guard would have to shoot him. Another chase ensued. Again the defendant stopped, told the guard he would have to shoot, then pulled his hands out of the handcuffs |2and *558 removed the chain around his waist. Finally, with the assistance of Officer Bazert, the defendant was taken back into custody.
Initially the defendant was charged with attempted aggravated escape, a violation of La.R.S. 14:27 and 14:110. On the morning of the trial on November 10, 1993, the State amended the charge to aggravated escape. After the defendant waived his right to a jury trial, the trial court found the defendant guilty of simple escape. Finding the defendant to be a multiple offender after a hearing on March 23, 1994, the trial court sentenced him to six months at hard labor to run consecutively with any other sentence. The defendant’s appeal followed.
Keith Hatter contends that the trial court violated the prohibition against double jeopardy when it imposed a sentence under La. R.S. 15:529.1 because the felony conviction used for enhancement was the same conviction which constituted the element of lawful confinement required for the conviction for escape. The defendant relies on State v. Moten, 619 So.2d 683 (La.App. 4th Cir.1993), in which, this court noted that a conviction for violating La.R.S. 14:95.1, a convicted felon in possession of a firearm, could not be used to enhance under La.R.S. 15:529.1 if the predicate felony to the crime of La.R.S. 14:95.1 was also used in the habitual offender bill. However, this court recognized that it was permissible to use only the conviction for La.R.S. 14:95.1 in a subsequent multiple offender proceeding.
A conviction based on the predicate offense of a convicted felon in possession of a firearm is distinguishable from a conviction of simple escape for purposes of enhancing a sentence under the multiple bill statute. In State v. Goodin, 550 So.2d 801 (La.App. 2nd Cir.1989), writ denied, 556 So.2d 1276 (1990), the appellate court reviewed earlier Supreme Court jurisprudence |3which had prohibited enhancing a felony simple escape conviction through a multiple bill on the theory that the sentence was already enhanced. The court then reasoned:
[T]he simple escape statute was amended by Act 413 of 1985. The effect of the amendment is to make the crime of simple escape punishable by imprisonment with or without hard labor and therefore a felony, regardless of the nature of the defendant’s confinement at the time of the escape, that is, regardless of whether defendant was previously sentenced for a felony to the Department of Corrections. [Footnote omitted.]
After the amendment, the penalty for simple escape is no longer enhanced because of a previous felony conviction. The crime of simple escape is itself a separate and distinct felony, the penalty for which is unrelated to any previous felony conviction. It follows that enhancement of the penalty for simple escape under the habitual offender statute does not amount to a multiple enhancement of the penalty for that offense or any previous offense. After the amendment, the rationale of the [State v.] Cox [344 So.2d 1024 (La.1977) ], [State v.] Taylor [347 So.2d 172 (La.1977) ] and [State v.] Siegel [354 So.2d 525 (La. 1978)] cases no longer applies. There is no longer any valid reason why the penalty for simple escape cannot be enhanced by application of the habitual offender statute where the defendant has previous felony convictions, and there is no longer any valid reason why a conviction for simple escape cannot be used as a predicate conviction in the application of the habitual offender statute to enhance the penalty for a subsequent felony conviction.
The court in Cox noted that the penalty provision for simple escape provides that the sentence shall be consecutive to any other sentence. This part of the penalty provision for simple escape was not changed by the later amendment to the statute. However, this penalty provision does not amount to an enhancement of the penalty for simple escape related to any prior felony conviction; it is simply part of the prescribed penalty for the crime, similar in nature to a provision that the sentence be served without benefit of suspension of sentence, probation or parole. This provision is consistent with the general rule established by LSA-C.Cr.P. Art. 883 that sentences be served consecutively, unless the court in its discretion orders Lsentences served concurrently. The only effect of this provision is that the trial *559 court’s discretion to order concurrent sentences is withdrawn. The provision in no way enhances the punishment for simple escape by reason of other felony convictions. The provision would be applicable even though the defendant was serving time under a misdemeanor sentence at the time of the escape. It would simply be without effect if the defendant was incarcerated prior to sentence at the time of his escape. In this regard we note our disagreement with dicta in State v. Foster, 509 So.2d 47 (La.App. 1st Cir.1987) in which the court indicated that the simple escape statute does not apply unless the defendant escapes from custody while serving a sentence. It is our view that the statute applies anytime a person is in lawful custody and legally confined in a jail facility, regardless of whether he has already been convicted and sentenced. State v. Johns, 339 So.2d 801 (La.1976). In any event, the provision in the simple escape statute that the sentence shall not run concurrently with any other sentence does not amount to an enhancement of the penalty for simple escape related to any other felony and has no bearing on applicability of the habitual offender statute to enhance the penalty for simple escape.
Id. 550 So.2d at 803-04.
See also State v. Jackson, 563 So.2d 1362 (La.App. 3d Cir.1990).
The simple escape statute[1] requires proof of lawful confinement; it does not require proof of any conviction and certainly not of a felony conviction. The multiple bill conviction based on the predicate offense of simple escape does not violate the prohibition against double jeopardy and double enhancement.
Accordingly, the defendant’s convictions and sentence are affirmed.

AFFIRMED.

. La.R.S. 14:110 A(l) provides that simple escape means ''[t]he intentional departure ... of a person imprisoned, committed, or detained from a place where such person is legally confined, from a designated area of a place where such person is legally confined, or from the lawful custody of any law enforcement officer or officer of the Department of Public Safety and Corrections.”