STATE OF LOUISIANA                              NO. 19-KM-500

VERSUS                                          FIFTH CIRCUIT

TAMIKA N. GOTCH A/K/A AMOURE A. BEY             COURT OF APPEAL

                                                STATE OF LOUISIANA


ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 18-6126, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING


October 30, 2019


**JUDE G. GRAVOIS**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Marc E. Johnson


**MOTION DENIED; MATTER REMANDED WITH INSTRUCTIONS**
 **JGG**
 **FHW**
 **MEJ**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Paul D. Connick, Jr.
    Thomas J. Butler

DEFENDANT/APPELLANT,
TAMIKA N. GOTCH A/K/A AMOURE A. BEY
    In Proper Person

**GRAVOIS, J.**

Mover, Tamika N. Gotch, a/k/a Amoure A. Bey, filed a "Motion to Proceed In Forma Pauperis" in this Court, seeking a ruling from this Court granting him pauper status in his unlodged appeal in district court case number 18-6126. Previously, mover filed a motion to proceed in forma pauperis in the district court, which was denied on September 24, 2019 without prejudice. In that ruling, which is attached to the Motion filed by mover in this Court, the district court found that it lacked jurisdiction to consider the motion for pauper status, as per La. C.Cr.P. art. 916, because its jurisdiction had been divested by the trial court's grant of mover's motion for appeal on June 26, 2019. Mover's appeal is not yet lodged in this Court because according to the official record, appeal costs remain unpaid.

According to La. C.Cr.P. art. 916(6), the trial court retains jurisdiction to render judgment concerning a ministerial matter not in controversy on appeal. La. R.S. 15:175(A)(1)(a), entitled "Proceedings to determine indigency," provides: "A preliminary inquiry and determination of indigency of any accused person shall be made by the court not later than arraignment and *such determination may be reviewed by the court at any other stage of the proceedings*." (Emphasis added.) A defendant is presumed indigent when the trial court appoints a public defender to represent him. *State v. Hales*, 18-657, 2018 WL 6037240, at *1 n. 1 (La. App. 5 Cir. 11/16/18); *State v. Thadison*, 17-0145, 2017 WL 3426045, at *2 (La. App. 4 Cir. 6/28/17), *writ denied*, 17-1323 (La. 4/27/18), 241 So.3d 307; *State v. Carter*, 589 So.2d 1212, 1213 (La. App. 4th Cir. 1991); *State v. Jackson*, 492 So.2d 1265 (La. App. 4th Cir. 1986).

A review of the official record in this matter indicates that the trial court, at mover's arraignment, ordered the appointment of the public defender's office. Therefore, it appears that the trial court made a preliminary inquiry and

19-KM-500                                                    1

determination of mover's indigency as the appointment of the public defender's office is presumptive evidence of indigence. Under La. R.S. 15:175, the trial court could have reviewed this initial determination at a later stage of the proceedings, but the issue did not arise until after the trial court granted mover's motion for appeal and mover was assessed costs in order for the appellate record to be prepared. The official record does not reflect that there was ever a change in circumstances to rebut the presumption of mover's indigent status.

Upon review, we find that as per La. C.Cr.P. art. 916(6) and La. R.S. 15:175(A)(1)(a), the trial court retained jurisdiction to rule on mover's motion for pauper status, even though it was filed after the motion for appeal was granted.

Accordingly, we deny mover's motion filed in this Court seeking pauper status, since the trial court retained jurisdiction to rule on his motion for indigent status. We remand the matter and instruct the trial court to rule on mover's motion to proceed in forma pauperis.[1] If the trial court finds that mover is indigent, the costs to prepare the appellate record should be waived under La. C.Cr.P. art. 914.1.

**MOTION DENIED; MATTER REMANDED WITH INSTRUCTIONS**

---

[1] As the trial court retains jurisdiction, it is not precluded from holding an evidentiary hearing on pauper status. *See State v. Borden*, 493 So.2d 1205 (La 1986) (*per curiam*).

19-KM-500                                    2

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

MARY E. LEGNON
INTERIM CLERK OF COURT

CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **OCTOBER 30, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

_____

**MARY E. LEGNON**
**INTERIM CLERK OF COURT**

# 19-KM-500

## E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
THOMAS J. BUTLER (APPELLEE)

## MAILED

TAMIKA N. GOTCH (APPELLANT)
IN PROPER PERSON
112 RENDON DRIVE
LAFAYETTE, LA 70501

HON. PAUL D. CONNICK, JR. (APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053