496 So.2d 425 (1986)
STATE of Louisiana
v.
Billy BRUMFIELD.
No. KA-4878.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1986.
Rehearing Denied November 19, 1986.
*426 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Pamela S. Moran, Asst. Dist. Atty., New Orleans, for appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
Before GARRISON, CIACCIO and LOBRANO, JJ.
LOBRANO, Judge.
Defendant, Billy R. Brumfield, was charged by bill of information with possession of phencyclidine, a violation of La.R.S. 40:966(C).
Defendant was arraigned on November 15, 1984 and pled not guilty. Trial was held on January 10, 1985 and defendant was found guilty as charged by an eleven to one vote of the jury. On January 17, 1985, defendant was sentenced to ten (10) years at hard labor with credit for time served.
FACTS:
On October 11, 1984, Officers Eddie Selby and James Keane were on routine police patrol in the 2700 block of Galvez Street when they observed defendant place a large foil packet inside an electrical fuse box. Officer Keane retrieved the packet and upon opening it discovered it contained 32 marijuana cigarettes emitting a strong *427 odor. Officer Keane called to Officer Selby to arrest defendant. Later, an analysis of the seized contraband disclosed the cigarettes were "laced" with phencyclidine (PCP) commonly referred to as "angel dust".
From his conviction and sentence, defendant appeals asserting the trial judge imposed an excessive sentence without stating adequate reasons as required by Code of Criminal Procedure Art. 894.1.
Article I, Section 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. The imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive punishment. State v. Cann, 471 So.2d 701 (La.1985); State v. Thomas, 447 So.2d 1053 (La.1984). A sentence which appears to be severe is considered excessive and unconstitutional if it is "grossly out of proportion to the severity of the crime" or "is nothing more than the purposeless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616 (La.1984), cert. den. Brogden v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985); State v. Caston, 477 So.2d 868 (La.App. 4th Cir.1985); State v. Nelson, 449 So.2d 161 (La.App. 4th Cir.1984).
In order to insure adequate review by the appellate court, there must be an indication in the record that the trial court considered the Article 894.1 guidelines in determining defendant's sentence. State v. Thomas, supra; State v. Caston, supra. The sentencing court need not, however, articulate every aggravating and mitigating circumstance cited in Article 894.1 State v. Guiden, 399 So.2d 194 (La.1981), but the record must reflect that the judge considered the personal history of the defendant in addition to the seriousness of the crime and the past criminal history of defendant. State v. Quebedeaux, 424 So.2d 1009 (La.1982), affirmed on remand 446 So.2d 1210 (La.1984).
In the instant case, the judge stated:
"In this matter, the Court reviewing the defendant's past criminal record, finds the defendant has a conviction for the crime of Simple Rape, a conviction for Carrying a Concealed Weapon, and the defendant has several juvenile arrests. The defendant was before the Juvenile Court on the arrest of Aggravated Rape, Aggravated Battery, Simple Burlgary, Simple Escape. The conviction in this particular case was the defendant had in his possession I believe 32 marijuana cigarettes laced with phencyclidine, angle dust. Therefore, the Court orders the defendant to be turned over to the Custody of the Department of Corrections for confinement of a period of ten (10) years, credit for time served ... Factual based under Article 894.1, subsection A-3, the remarks of the Court as dictated into the record ..."
It is obvious from the sentencing transcript that the reason for the maximum sentence was defendant's prior criminal history and his prior convictions for simple rape and carrying a concealed weapon. The judge's reference to Article 894.1 (A)(3) indicates the judge concluded a lesser sentence would deprecate the seriousness of defendant's continued criminal behavior.
Although Article 894.1 was not strictly complied with, this failure does not constitute reversible error requiring resentencing. Article 894.1 was designed to guide and assist sentencing courts in the exercise of their sentencing discretion, as well as to assist the reviewing court in its examination of that discretion. Only when the reviewing court is unable to discern the basis upon which a sentence is imposed, and hence cannot determine its appropriateness in view of the circumstances of the offense and the character of the offender, will remand for compliance be ordered. State v. Day, 391 So.2d 1147 (La.1980); State v. Tuesno, 456 So.2d 186 (La.App. 4th Cir.1984).
Given defendant's long history of criminal behavior dating back to his juvenile years, we find defendnat's propensity for criminal activity justifies the ten years maximum sentence imposed.
*428 For the foregoing reasons, defendant's conviction and sentence is affirmed.
AFFIRMED.