GULOTTA, Chief Judge.
Dennis Shelton appeals from his convictions on one count of forcible rape [LSA-R. S. 14:42.1], and a second count of attempted forcible rape [LSA-R.S. 14:27(42.1)]. We affirm.
At approximately 1 a.m., on June 1,1986, Shelton broke into the apartment of two Tulane University co-eds in New Orleans. After tying up the girls and threatening them with a knife, he repeatedly raped them. Before leaving the apartment at approximately 6 a.m., he made a “date” with one of the girls to meet him that night on the corner of St. Charles and Napoleon Avenue. A police surveillance was set up in that area and defendant was apprehended. After his arrest, incriminating evidence was seized in his car and house, pursuant to a search warrant.[1]
Appealing, defendant has raised five assignments of error relating to his indictment, the admissibility of evidence, and the excessiveness of his sentence. We have additionally reviewed the record for errors patent and have found none.
AMENDMENT OF THE INDICTMENT
Defendant first argues that the trial judge erred when he denied a motion for continuance after allowing the State to amend the indictment on the morning of trial to read “Dennis Shelton a/k/a Dennis Foy”, instead of “Dennis Shelton”. According to defendant, this amendment involved “a defect of substance” that preju-dicially confronted him with a new element to defend against, and thus entitled Shelton to a continuance under LSA-C.Cr.P. Art. 489. We disagree.
LSA-C.Cr.P. Art. 487 provides that an indictment may be amended at any time to correct a defect, ■ imperfection, or omission regarding “form” only, which does not make the indictment invalid or insufficient. If the defect is one of “substance”, however, the court may order an amendment prior to trial; and must grant a mistrial for such a defect if trial has already begun.
Concerning continuances, LSA-C. Cr.P. Art. 489 further provides:
If it is shown, on motion of the defendant, that the defendant has been prejudiced in his defense on the merits by the defect, imperfection, omission, uncertainty, or variance, with respect to which an amendment is made, the court shall grant a continuance for a reasonable time. In determining whether the defendant has been prejudiced in his defense upon the merits, the court shall consider all the circumstances of the case and the entire course of the prosecution. If it becomes necessary to discharge the original jury from further consideration of the case, the trial before a new jury shall not constitute double jeopardy.
Before a continuance is granted for an amendment to an indictment, the defendant must make a showing of prejudice or surprise. State v. Neslo, 433 So.2d 73 (La.1983). State v. Brown, 338 So.2d 686 (La.1976). In this respect, the trial judge has great discretion. State v. Davis, 385 So.2d 193 (La.1980).
In the instant case, through discovery in September, 1986, defendant was aware of the State’s evidence of his credit card in the name of “Dennis M. Foy” and birth certificate card in the name of “Dennis Michael Foy”. Furthermore, because the trial was held on December 15, 1986, a period of about three months later, we cannot say that defendant was surprised by the inclusion of the second name in the indictment.
Moreover, defendant has not shown how he has been prejudiced by the amendment. At trial, defendant’s wife, Pamela Foy, was *922 asked by defense counsel why her last name differed from her husband’s. In response Mrs. Foy testified:
“A. His last name is Shelton. That’s his mother’s last name. His father’s last name is Foy, and he was going to get his named changed to Foy because it’s his father’s last name. So when we got married, I got my name changed to Foy instead of getting it changed from Kelly to Shelton to Foy.
Q. That’s why he is sometimes known as Shelton and sometimes known as Foy?
A. Yes.
Q. His mother is Shelton and his father is Foy?
A. Right.”
Considering this testimony along with the other circumstances surrounding the use of the additional name added to the indictment, we conclude that that defendant has suffered no prejudice as a result of the amendment of the indictment and the denial of the continuance.
EVIDENCE OF CREDIT CARD AND BIRTH CERTIFICATE
Defendant further contends that the trial judge erred in admitting evidence of a credit card and birth certificate card in the name of Dennis Foy seized in a search of his automobile. According to defendant, the relevancy of these items was never established.
As a foundation for admitting demonstrative evidence, it must be established that the object sought to be introduced is more probably than not connected with the case. State v. Tatum, 506 So.2d 584 (La.App. 4th Cir.1987). A lack of positive identification of demonstrative evidence or its chain of custody goes to the weight of the evidence, not to its admissibility; and the connection of that evidence to the case is a factual matter to be determined by the trier of fact. State v. Lewis, 452 So.2d 720 (La.App. 4th Cir.1984), sentence vacated in part 457 So.2d 1187 (La.1984); State v. Tatum, supra.
In the instant case, while searching defendant’s car, police discovered the birth certificate card and credit card together with a ski mask, a knife, and a torn white sheet which physically matched rags used to bind one of the victims. The credit card in the name of “Dennis M. Foy” and birth certificate card in the name of “Dennis Michael Foy” connected defendant to the other incriminating physical evidence. Under these circumstances, we conclude this assignment of error is without merit.
INTRODUCTION OF PHOTOGRAPHIC PALM PRINT
Defendant also argues that the trial judge erred in allowing into evidence a blownup photograph of defendant’s palm print to establish that the print matched a palm print found on the window of the victims’ apartment. According to defendant, this evidence was inadmissible because the State had failed to produce this exhibit during pre-trial discovery, when the defense had asked for all tangible evidence the State planned to introduce at trial.
At the preliminary hearing on June 12, 1986, six months prior to trial, detective Jerry Ursin testified that a palm print found at the crime scene has positively matched defendant’s left palm print. Because defendant had notice that the print existed, he was not prejudiced by the later introduction into evidence of this exhibit. Accordingly, this assignment is without merit.
INCULPATORY STATEMENTS
Defendant next complains that the trial judge erred when he allowed into evidence a “duplicate original” instead of the “original” typewritten inculpatory statement signed by defendant after his arrest. According to defendant, the document introduced at trial was signed in a place different from another copy previously furnished him during his motion to suppress, and the State has never produced the original. Under these circumstances, defendant argues the State should have been prohibited from referring to the statement at trial.
The testimony establishes that the investigating officers made five copies of the original typed statement, and that the de *923 fendant signed the original and each copy. During discovery, the defendant was furnished with a signed copy, and at trial the State introduced another duplicate original as State’s Exhibit 57. In his brief, the defendant states that the document admitted into evidence at trial is “a copy almost like the one previously furnished and labeled” at the motion to suppress hearing, though it is signed “in a different spot”.
We fail to find prejudice to the defendant resulting from any minor discrepancy between the copies or from the absence of the original statement.
Accordingly, this assignment is without merit.
EXCESSIVE SENTENCE
In his final assignment of error, defendant contends that his concurrent sentences of forty years for the forcible rape (the statutory maximum) and ten years for the attempted forcible rape are excessive.[2] We disagree.
A sentence within the statutory limit is unconstitutionally excessive if it is “grossly out of proportion to the severity of the crime” or “is nothing more than the purposeless imposition of pain and suffering”. State v. Brogdon, 457 So.2d 616 (La.1984), certiorari denied Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862, (1985); State v. Caston, 477 So.2d 868 (La.App. 4th Cir.1985). In reviewing a maximum statutory sentence, we are called upon to determine whether the trial judge adequately complied with the sentencing guidelines set forth in LSA-C.Cr.P. Art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983); State v. Quebedeaux, 424 So.2d 1009 (La.1982). Although a judge need not specifically recite each of the factors listed in LSA-C.Cr.P. Art. 894.-1, the record must reflect that he adequately considered the sentencing guidelines and that there is an adequate factual basis for the sentence imposed. State v. Soco, supra.
In imposing the sentences in the instant case, the trial judge stated, in pertinent part, as follows:
“A rather brutal set of facts and circumstances. Probably, in my time as a Judge up here, probably the most brutal set of facts and circumstances I have had the opportunity to witness or experience as a judge, except for the homicide or murder cases that I am called to hear upon occasion. The facts of the case, as I recall them, were that you broke into a house or forced your way into a house where two women were, tied them up, raped one woman, brought the second woman into the bedroom with the first woman, raped her, caused the women to engage in oral sex between themselves, placed a toothpaste decanter in the private parts of one of the female victims, and stayed with the victims several hours and then made a date with one of the women the next night.”
After further noting that the incriminating evidence in the case was strong, the trial judge then proceeded to enumerate and apply to defendant’s circumstances each of the applicable sentence guidelines set forth in LSA-C.Cr.P. Art. 894.1. In the course of his observations the trial judge referred to the pre-sentence report and noted the “devastating effects” of the crime on the victims, the absence of any excuse or justification for defendant’s conduct, and the brutal nature of the attacks that justified the maximum sentence, even though defendant had strong family ties and no prior record.
Considering the shocking circumstances of the crime, and the trial judge’s careful consideration of all the pertinent guidelines enumerated under LSA-C.Cr.P. Art. 894.1, we cannot say the sentences imposed are excessive.
*924 Accordingly, defendant’s convictions and sentences are affirmed.
AFFIRMED.

. According to Louis Kestner, a detective in the New Orleans Police Department, articles of clothing were seized from defendant’s residence. A search of defendant's automobile revealed a knife with a six inch blade, a ski mask, a white bed sheet that was torn and soiled, a leather wallet, a D.H. Holmes credit card and a birth certificate card. .

. The maximum sentence for forcible rape, LSA-R.S. 14:42.1, is imprisonment at hard labor for forty years. The maximum sentence for attempted forcible rape, LSA-R.S. 14:27(42.1), is twenty years at hard labor.