BECKER, Judge.
Defendant appeals his conviction and sentence for simple burglary of an automobile. After trial by a six person jury the defendant was found guilty of violating L.S.A.-R.S. 14:62, and sentenced to ten years. On February 8, 1987, defendant pled guilty to a multiple bill charging him as a third offender. The original sentence was vacated and defendant was resen-tenced to ten years at hard labor without benefit of probation, parole or suspension of sentence and no good time.
On appeal, defendant assigns three specifications of error:
(1) The trial court erred in allowing the State to use a third offender theft (a misdemeanor enhanced to a felony by its repetitive nature) as a predicate felony in the multiple bill;
(2) The trial court erred in accepting a plea to a multiple bill that was faulty on its face; and
(3) The trial court erred in imposing an excessive sentence.
Defendant, Tyrone Alexander, was charged with the theft of a battery from a truck. On June 3, 1986, James Francois drove his pick-up truck to the house of his friend, David Jones, to visit and watch a basketball game on television.' He parked his truck in front of Jones’ house. About forty-five minutes later, Jones noticed a shadow pass in front of the front window. A few minutes later, when no one knocked on the door, Jones opened the door to see who was there. Upon opening the door, Jones saw the defendant with a battery in his hand walking away from Francois’s truck and noticed that the hood of the truck was open. Jones alerted Francois, who apprehended the defendant while Jones retrieved the battery.
Defendant originally pled not guilty to the charge but later withdrew that plea, and entered a plea of not guilty and not guilty by reason of insanity. Immediately prior to trial, defense counsel requested that the defendant be re-examined by a sanity commission to determine his competence to stand trial and his ability to assist counsel. Defendant had previously been found competent to stand trial. The defendant was re-examined and found competent. Defense counsel stipulated that the physicians who examined defendant, if they were to testify, would say that the defendant was competent to stand trial. At trial, the defense put on evidence of defendant’s mental condition, low intelligence quotient and history of epileptic seizures. A six person jury returned a verdict finding defendant guilty of violating L.S.A.R.S. 14:62.
The trial judge sentenced the defendant, on the conviction for simple burglary, to ten years at hard labor. At the multiple bill hearing, the defendant pled guilty to the multiple bill. The trial judge then withdrew the sentence on the conviction of simple burglary, and sentenced defendant on the multiple bill as a third offender to ten years at hard labor without benefit of probation, parole or suspension of sentence and no good time.

Assignment of Error No. 1

Through his first assignment of error, defendant contends that the trial court erred when it allowed the State to use a third offender theft as a predicate felony in the multiple bill.
Both of the predicate offenses used by the State in the multiple bill were thefts under one hundred dollars, said offenses made felonies under L.S.A.-R.S. 14:67 by virtue of the defendant having been previously convicted of two or more thefts. This court has consistently upheld the use of third offender felony thefts as a predicate to a multiple bill. See State v. Harris, 511 So.2d 803 (La.App. 4th Cir.1987), writ denied, 514 So.2d 127 (La.1987), and State v. Whittaker, 496 So.2d 1103 (La.App. 4th Cir.1986).
Accordingly, this assignment is without merit.

*36
Assignment of Error No. 2

In his second assignment of error, defendant argues that the trial court erred in accepting a plea to a multiple bill which was faulty on its face. The multiple bill indicated that one of the predicate convictions was obtained through a plea entered by defendant on October 23, 1986, nine days after the conviction of the instant offense. However, the date on the bill was a typographical error. The actual date of the plea of the first predicate offense was October 23, 1984, sufficiently within the time frame to be used in the multiple bill.
Code of Criminal Procedure Article 487 provides for the amendment of a defective indictment. The article distinguishes between defects in form and defects in substance. A defect of form may be amended at any time. A defect as to substance may only be amended prior to trial. If the defect is not corrected prior to trial, then a mistrial must be ordered on the ground of the defect of substance. However, a defendant may enter a “plea of guilty to a crime nonresponsive to the original indictment when such a plea is acceptable to the district attorney, and in such case, the district attorney shall not be required to file a new indictment to charge the crime to which the plea is offered.” Code of Criminal Procedure Article 487.
In the instant case, the typographical error as to the date of the conviction of the first predicate offense is a defect of substance. However, as the defendant pled guilty to the multiple bill, we do not find the defendant was prejudiced by this defect. Further, we consider defendant’s guilty plea to be a waiver of any objection to the defect in the multiple bill.
Therefore, this assignment is without merit.

Assignment of Error No. 3

In his third assignment, defendant contends that the trial court erred in imposing an excessive sentence. Defendant was sentenced to ten years at hard labor, and upon his plea as a third offender, was resen-tenced to ten years at hard labor without benefit of parole, probation, suspension of sentence, and good time.
Article I, Section 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. A sentence may be reviewed for excessiveness even though it is within the statutory limits. State v. Cann, 471 So.2d 701 (La.1985); State v. Francosi, 511 So.2d 1181 (La.App. 4th Cir. 1987); State v. Brumfield, 496 So.2d 425 (La.App. 4th Cir.1986), writ denied, 503 So.2d 13 (La.1987). The imposition of a sentence, although within the statutory limit, may be unconstitutionally excessive if it is “grossly out of proportion to the severity of the crime” or “is nothing more than the purposeless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. den., Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d. 862 (1985). See also Francosi, supra; Brumfield, supra.
A trial judge has wide discretion in the imposition of sentences within the statutory limit and such sentences should not be set aside absent a manifest abuse of the court’s discretion. State v. Trahan, 425 So.2d 1222 (La.1983).
In order to ensure adequate review by the appellate court, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set forth in L.S.A.-C.Cr.P. Article 894.1 in determining defendant’s particular sentence. Francosi, supra; Brumfield, supra. The sentencing court need not, however, articulate every aggravating and mitigating circumstances cited in C.Cr.P. article 894.1. State v. Gulden, 399 So.2d 194 (La.1981), cert. den., Gulden v. Louisiana, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982).
After a review of the trial and sentencing transcript, it appears that the sentence of ten years on the multiple bill may be excessive. While the trial judge did state that he considered the factors set out in Code of Criminal Procedure Article 894.-1, the record is not clear whether the trial judge considered such mitigating factors as defendant’s low intelligence quotient level, mental state and medical problems. Further, defendant’s conviction was for the theft of a battery from a pickup truck, a non-life-threatening situation. Also, the *37 predicate offenses used in the multiple bill were all enhanced felony thefts. As such factors may be significant in the determination of the sentence imposed, we hereby vacate defendant’s present sentence and remand the matter for resentencing.
Accordingly, defendant’s conviction of simple burglary is affirmed. Defendant’s sentence on the multiple bill is hereby vacated and the matter remanded for resen-tencing.
AFFIRMED IN PART; SENTENCE VACATED AND REMANDED FOR RE-SENTENCING.
LOBRANO, Judge, concurs.
I concur in the majority result. However, I am not prepared to say at this time that the sentence is excessive. I agree that the matter should be remanded for the reason that the record does not show adequate compliance with Article 894.1.