553 So.2d 892 (1989)
STATE of Louisiana
v.
Danny R. GREER.
No. 88-KA-0535.
Court of Appeal of Louisiana, Fourth Circuit.
November 16, 1989.
*893 Harry F. Connick, Dist. Atty., Beryl McSmith, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Loyola Law School Clinic, Michael S. Gallagher, S.J., Supervising Atty., New Orleans, for defendant-appellant.
Before BARRY, WARD and WILLIAMS, JJ.
BARRY, Judge.
The defendant was charged with forcible rape, La.R.S. 14:42.1, and aggravated burglary, La.R.S. 14:60. A jury found him guilty as charged on both counts. As to the forcible rape count, the defendant was sentenced to forty (40) years at hard labor with credit for time served, without benefit of probation, parole, or suspension of sentence. As to the aggravated burglary count, the defendant was sentenced to thirty (30) years at hard labor with credit for time served, the sentences to run concurrently.
The defendant filed writ No. K-9303 seeking transcripts and a reduction of his sentence. The writ was denied on January 20, 1988 with the notation that he could raise the excessive sentence issue on appeal and should request documents from his counsel.
In June, 1989 the defendant filed writ No. 89-K-1220 again requesting transcripts in order to file a pro se brief. The defendant noted that his counsel's brief did not specify an excessive sentence. He claimed that his request for transcripts was unsuccessful and his counsel advised "that he used records lodged in this Court to facilitate references in this brief."
On August 15, 1989 this Court denied in part and granted in part the June, 1989 application:
Because relator is represented by counsel of his own choosing, he should request copies of documents from his counsel. Therefore, relator's request for transcripts is denied.
The issue of excessive sentence was raised as an assignment of error but was not addressed in defendant's brief. Accordingly, the Loyola Law Clinic through its supervising attorney, Michael Gallagher, S.J., is hereby ordered to file a supplemental brief....
The defendant filed writ 89-K-1516 making similar requests to those in 89-K-1220. The last application was denied as moot on August 31, 1989.
On September 6, 1989 this appeal was submitted. On that same date the defendant filed a pro se supplemental brief urging excessiveness of sentence on the forcible rape conviction.

FACTS
Sometime after midnight on March 9, 1986 the victim awoke to find a white male, 5'10", medium build, sitting next to her in bed with a stocking over his face and a glove on one hand. The intruder said he wanted sex. The victim screamed and they struggled. He placed a pillow into her mouth and sat on her head. She struggled because she could not breathe, finally extricating *894 herself. He asked for money and the victim stated she had none. He turned on the lights and, while looking through her belongings, lifted the stocking above his lips. He returned to the bed and raped her.
In a photographic line-up nine months later the victim identified the defendant.

FAILURE TO DECLARE A MISTRIAL
The defendant's original brief urges the trial court committed reversible error by failing to declare a mistrial sua sponte when the prosecutor brought in facts during closing argument which were not in evidence.
La.C.Cr.P. Art. 774 provides:
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
The state's rebuttal shall be confined to answering the argument of the defendant.
In order for a reviewing court to overturn a verdict because of improper argument, the Court must be "thoroughly convinced" that the remark influenced the jury and contributed to the verdict. State v. Eaton, 524 So.2d 1194 (La. 1988), cert. denied Eaton v. Louisiana, ___ U.S. ___, 109 S.Ct. 818, 102 L.Ed.2d 807 (1989); State v. Flank, 537 So.2d 236 (La.App. 4th Cir.1988).
The alleged facts, argued during the State's rebuttal argument, relate to the defense's cross-examination of Frank Fisher, a fellow inmate who testified that the defendant told him about the rape. The District Attorney's comments followed a vigorous attack on Mr. Fisher's credibility:
Now, you see [Defense Attorney] had Frank Fisher on the witness stand and he asked him, he said, "Mr. Fisher, you testified in other trials before haven't you?"
"Yes, I have testified, yes."
"How many?"
"Two."
And what did he do after that? He stopped. He never asked him, "Well, Frank Fisher, what kind of cases did you testify in?" The answer would have been rape cases. Not murder cases.
The defendant's objection was sustained. Neither a mistrial nor admonition was requested.
Though not specifying the type of cases at which he had previously testified, Fisher explained he testified because
I have six sisters and anytime that I have an opportunity to stop someone from raping women, I'm going to do it. I think what I am doing is correct, and Ithat's why I'm here.
Fisher also testified that he was serving a life sentence for murder and that he did not make a deal in exchange for his testimony.
Based on Fisher's testimony, the jury could have logically assumed that his other testimony concerned rape cases, as suggested by the State. We conclude the jury was not influenced by the State's remark or that the remark contributed to the verdict.
The defendant failed to move for a mistrial or admonition and cannot now complain. State v. Grant, 531 So.2d 1121 (La. App. 4th Cir.1988).
The defendant's assignment on the closing argument includes rebuttal comments concerning a bench conference which considered a police officer's testimony regarding a pawn shop investigation and how the defendant became a suspect.
The defendant did not object to that comment and it is not subject to review. La.C. Cr.P. Art. 841.

EXCESSIVENESS OF SENTENCE
As ordered in 89-K-1220, a supplemental brief was filed by defense counsel which urges that the forcible rape and burglary sentences are excessive. A pro se brief urging excessive sentence as to the forcible rape count was also filed. On the forcible rape charge the defendant was sentenced *895 to forty (40) years at hard labor with credit for time served, without benefit of probation, parole, or suspension of sentence.
The maximum sentence for forcible rape is forty years with two years mandatory without benefit of probation, parole, or suspension of sentence.
On the aggravated burglary, the defendant was sentenced to thirty (30) years at hard labor with credit for time served, the sentence on both counts to run concurrently. The maximum sentence for aggravated burglary is thirty (30) years.
The Louisiana Constitution prohibits excessive punishment. Art. I, Sec. 20. The imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive punishment and that right is enforceable on appellate review. State v. Cann, 471 So.2d 701 (La.1985); State v. Thomas, 447 So.2d 1053 (La.1984); State v. Francosi, 511 So.2d 1181 (La.App. 4th Cir. 1987); State v. Brumfield, 496 So.2d 425 (La.App. 4th Cir. 1986), writ denied 503 So.2d 13 (La.1987).
A sentence is considered excessive and unconstitutional if it is "grossly out of proportion to the severity of the crime" or "is nothing more than the purposeless and needless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616 (La.1984), cert. denied Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985); State v. Telsee, 425 So.2d 1251 (La. 1983).
The trial judge must articulate reasons for an apparently severe sentence and tailor it to the individual offender and the particular offense. State v. Tilley, 400 So.2d 1363 (La.1981). La.C.Cr.P. Art. 894.1 sets forth the criteria for sentencing by the trial court. The trial court need not articulate every cited circumstance, but must indicate that it considered the 894.1 guidelines in tailoring a particular sentence to a particular defendant convicted of a particular crime. State v. Guiden, 399 So.2d 194 (La.1981), cert. denied Guiden v. Louisiana, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982). Both the aggravating circumstances and the mitigating circumstances must be considered, State v. Franks, 373 So.2d 1307 (La.1979), and the court must state the factual basis underlying its conclusion. State v. Saunders, 393 So.2d 1278 (La.1981). Accordingly, the sentencing record must reflect that the trial judge considered the personal history of the defendant in addition to the seriousness of the crime and the past criminal history of the defendant. State v. Quebedeaux, 424 So.2d 1009 (La.1982); State v. Jones, 398 So.2d 1049 (La.1981); State v. Molinet, 393 So.2d 721 (La.1981).
Officer Wayne Bordelon, NOPD, testified that the victim's face was bruised, her lip cut, her eyes swollen, and she was "very, very shaken, almost hysterical." Officer Joel Schmidt testified that he recovered a screwdriver at the scene which was introduced into evidence. The victim testified she did not recognize it. Photos of the victim after the rape were introduced. It was stipulated that Dr. Michael Sullivan examined the victim at Charity Hospital after the rape and he noted trauma to her face as reflected in the photos. Officer Julie Jones testified that while examining the photo line-up, the victim got quiet and had tears in her eyes.
J. Michael Bordelon, the victim's neighbor, testified the victim came to his door about 3:00-3:30 a.m. crying and said she had just been raped and beaten. He went to the victim's apartment and found a knife, a stocking, and a shoe which were introduced into evidence. The victim identified the knife and said it was missing since the rape.
At sentencing, the trial court stated:
As I sat and listened to this trial, I was a little disappointed that the State of Louisiana did not present to the Jury a case of Aggravated Rape. The evidence that I heard, in my opinion, would have justified a Jury finding you guilty of the crime of Aggravated Rape. It was a brutal attack. It's brutal whenever anyone breaks into another individual's house. When you break into a woman's house in the early morning hours and, probably with the intention of committing *896 a burglary or a theft of something of her property inside the house, and then when you get into the house you come upon a women [sic], you awake her out of her sleep, and then you force her to submit to a sexual act and physically and brutally force her to submit to a sexual actbecause I saw the pictures of the woman, the bruises that she suffered to her facewhen you force someone to do that, in my opinion, they should have charged you with the crime of Aggravated Rape. It's my opinion. They charged you with the crime of Forcible Rape and that's their prerogative. So I believe that you received some consideration from the State of Louisiana because had you been convicted of aggravated rape, you would be looking at life imprisonment.
With the sentence that I give you, I cannot give you a sentence of life for what you did. Your actions, in my opinion, were very brutal, very brutal. Just imagine and think about the terror that this woman experienced on that morning as a result of your conduct. I believe it is my function to make sure or prevent that no other woman is ever subjected to that sort of activity again. Those are some of the reasons for the sentence. I heard the evidence. I cannot say that the Jury was incorrect in finding you guilty of these charges.
As to theThe Court is mindful of the provisions of 894.1 of the Code of Criminal Procedure in sentencing the defendant. The Court is mindful that both of theseThe Court will take into account 894.1, Subparagraphs (a) and (b) as to both counts.
Subparagraph (a)(1): The Court feels that should the defendant receive a suspended sentence or be placed on probation for either of these offenses, the Court feels that there is an undue risk that during the period of a suspended sentence or probation, that the defendant will commit another crime. Secondly, the Court feels the defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution. And, thirdly, the Court feels that any lesser sentence than the one that I will impose will deprecate the seriousness of the defendant's crime.
The Court is also mindful of the mitigating circumstances in this particular case under Subparagraph (b)(1): The defendant's criminal conduct neither caused nor threatened serious harm. Whenever you break into a person's house, you rape an individual who is there alone, I believe that that conduct does threaten very serious bodily harm. I believe that your conduct did inflict serious physical and mental harm upon the victim, Victoria Bayles. Secondly, the defendant did not contemplate that his criminal conduct would cause or threaten serious harm. When the Court thinks about the facts of the case, I believe that you went in there with some evil intent, at least to steal or rob. The testimony was that you had a mask over your face, leaves this Court to believe that you did not want to be identified by the person in the home. That was the reason for wearing the mask over your face. The Court believes the defendant knew that there was someone in that house. That was the reason for covering your face. The Court also believes that you did contemplate your actions, that you did think about what you were doing or going to do before you entered into that house, and I think the evidence supports that. Number three (3), the defendant acted under strong provocation. There is no evidence in the record to submit or to suggest to this Court the defendant was in any way provoked in order to commit the offense which he committed. Four (4), there were substantial grounds tending to excuse or justify the defendant's criminal conduct, for failing to establish a defense. Again, the Court can find no grounds tending to justify or excuse a person's conduct who breaks into a woman's house in the early morning hours and then proceeds to rape that woman. Five (5), the victim of the defendant's criminal conduct induced or facilitated its commission. There is, again, nothing in the record to indicate that the victim in *897 any way induced or facilitated the commission of this offense. The victim was in her bed sleeping when the defendant came into her home. Six (6), the defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that she sustained. I do not believe that any amount of money would be able to compensate this victim for the mental anguish and pain which she suffered as a result of your actions; nor do I believe the defendant is in any position to compensate the victim for the pain and anguish which she suffered.
Seven (7), the defendant has no history of prior delinquency or criminal activity or has lead [sic] a law abiding [sic] life for a substantial period of time before the commission of the instant crime. Although this Court is not presented with any prior convictions, this defendant has no prior convictions
BY MR. WOODS:
That is my understanding, Judge.
BY THE COURT:
The Court can consider this factor on behalf of the defendant.
* * * * * *
Number eight (8), the defendant's criminal conduct was a result of circumstances unlikely to recur. Again, the Court does not believe that these circumstances, if the defendant were to receive a lenient sentence, would in any way, the Court does not feel the defendant should be allowed back out on the street, so this Court would have to learn whether or not these circumstances are likely to recur. Number nine (9), the character and attitude of the defendant indicate he is unlikely to commit other [sic] crime. There is no evidence in the record to support that. Number ten (10), the defendant is particularly likely to respond affirmatively to probationary treatment. The Court will not consider placing the defendant on probation because of the seriousness of this charge. Number eleven (11), the imprisonment of the defendant would entail excessive hardship to himself or his dependents. The Court knows of no dependents the defendant has. And as I've stated on many occasions, although imprisonment does impose an excessive hardship on an individual, the Court must weigh the need to imprison this defendant and take him out of society and weigh the harm that he has caused to society or may cause to society again if he is allowed to be, remain on the street. The Court must weigh that and must weigh the need for placing the defendant out ofout of society and placing him in custody or in an institution where he can hurt no one or no other member of society.
The Court found all aggravating circumstances present, and considered that the defendant had no prior conviction as the only mitigating circumstance. The trial court noted that the defendant was charged in another case with first degree murder, but repeatedly stated he was not considering that as a factor in sentencing the defendant.
The trial court complied with La.C.Cr.P. Art. 894.1, leaving our review to the question of whether the trial court abused its discretion. State v. Rousell, 501 So.2d 834 (La.App. 4th Cir. 1986), writ denied 504 So.2d 874 (La.1987); State v. Finley, 432 So.2d 243 (La.1983).
This Court has previously upheld forty (40) year sentences for forcible rape. State v. Moore, 534 So.2d 1275 (La.App. 4th Cir. 1988), writ granted on other grounds, 539 So.2d 44 (La. 1989); State v. Shelton, 523 So.2d 920 (La.App. 4th Cir.1988); and State v. Rousell, 501 So.2d 834 (La.App. 4th Cir. 1986). Likewise, thirty (30) year sentences for aggravated burglary have been upheld. State v. Hawthorne, 454 So.2d 285 (La. App. 4th Cir. 1984), writ denied 457 So.2d 1201 (La.1984); State v. Howard, 414 So.2d 1210 (La.1982).
In State v. Rousell, the defendant woke the victim at about 2 a.m. When she screamed, he stuffed a rag in her mouth and put a knife to her throat. He then pushed her down the hall and forced her to perform fellatio before raping her. The defendant was a first offender but the district court found numerous aggravating circumstances present.
*898 The facts of Rousell are similar to this case. The male defendant used deadly force on a helpless female victim. We agree with the trial judge that the facts support an aggravated rape charge.
We are mindful that the forcible rape sentence was imposed without benefit of probation, parole, or suspension of sentence. Considering the circumstances of the rape, the life threatening force used, and the trial court's careful consideration of the La.C.Cr.P. Art. 894.1 guidelines, the sentences were not excessive.
The convictions and sentences are affirmed.
AFFIRMED.